UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>Ashley Barnard Stone,<br><br>    Debtor. | Case No. 12-35590-KRH<br>Chapter 7 |
| FIA Card Services, N.A.,<br><br>    Plaintiff,<br><br>v.<br><br>Ashley Barnard Stone,<br><br>    Defendant. | ADV. NO. 13-03005-KRH<br><br>**STIPULATION OF NONDISCHARGEABILITY AND PAYMENT PLAN** |

Plaintiff, FIA Card Services, N.A., by and through its attorney-of-record Daniel Ross, and Defendant, Ashley Stone, by and through Defendant's attorney-of-record, Jessica L Fellows, hereby stipulate as follows:

### RECITALS

1. On or about 09/26/2012, Defendant filed for relief under Chapter 7 of the Bankruptcy Code.

2. On the date of filing of the petition in this case, Defendant was indebted to Plaintiff for the sum of $11,736.02 on account number XXXXXXXXXXXX2588.

3. Plaintiff has filed an Adversary Proceeding objecting to the discharge of the debt in the amount of $5,800.00. The Parties desire to resolve this matter without further litigation upon the terms and conditions herein.

## AGREEMENT

4. The Parties agree that the sum of $2,900.00 owed by Defendant to Plaintiff shall not be discharged by order of this Court, and Plaintiff shall be granted judgment against Defendant in this amount.

5. The non-discharged sum of $2,900.00 shall be paid as follows: **the sum of $100.00 per month, each month for 29 months, with the first payment due on or before 7/1/2013.** The remaining payments shall be due on the first day of each month thereafter.

6. Payments are to be made payable to **FIA Card Services, N.A.** and forwarded to:

**Accounts Receivable
Attn: FIA Card Services, N.A.
Weinstein & Riley, P.S.
PO Box 3978
Seattle, WA 98124
INCLUDE ACCOUNT NUMBER ON PAYMENTS**

Plaintiff or its agents may send monthly bills and invoices as a courtesy reminder to Defendant but are not required to do so and the lack of such invoice will not excuse payment by Defendant.

7. In the event Defendant defaults in payments, Plaintiff shall be entitled to declare the sum of $2,900.00, less any payments made, immediately due and payable and take all necessary action to enforce or collect such sums due.

8. Defendant acknowledges and stipulates that if Defendant fails to make any payment as agreed, the remaining $2,900.00, less any payments made, shall be immediately due and payable.

9. Plaintiff will refrain from pursuing its rights under this agreement so long as Defendant continues to make payment on a regular, timely basis. If Defendant defaults, however,

Plaintiff shall have the right to pursue any legally available remedy without further notice, and without need for further relief from the automatic stay in any bankruptcy proceeding in which the Defendant is a Debtor pursuant to 11 U.S.C. § 362(c)(2)(C).

10. Defendant understands that Defendant is waiving Defendant's right to a trial and the right to a discharge of this debt should Defendant prevail at trial. Defendant has carefully considered this settlement with an attorney of Defendant's choice, or hasvoluntarily elected not to do so, after being given that opportunity.

11. The parties each agree to pay their own attorneys' fees and costs in this matter. However, in the event of default under this Agreement, Defendant shall be responsible for all attorneys' fees and costs incurred by Plaintiff.

_____
Daniel Ross, Bar #79727
Weinstein & Riley, P.S.
2001 Western Avenue, Suite 400
Seattle, WA 98121
Phone: 206-269-3490
Attorney for Plaintiff

_____
Ashley Stone
Defendant

_____
Jessica L Fellows, Bar #
7825 Midlothian Turnpike Suite 104
Richmond, VA 23235
Attorney for Defendant